UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAWN M. JOYNER,

           Plaintiff,

-v-

ALSTON & BIRD LLP, RICHARD HAYS, in his official and individual capacities, CATHY BENTON, in her official and individual capacities; MICHAEL STEVENS, in his official and individual capacities,

           Defendants.

CIVIL ACTION NO.: 21 Civ. 8549 (AT) (SLC)

**ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

Before the Court are the Motion of pro se Plaintiff Dawn M. Joyner ("Ms. Joyner") seeking clarification of the Court's March 23, 2022 Order and denial of Defendants' pending motion to dismiss her Complaint, (ECF No. 25 (the "Motion for Clarification")), and an accompanying proposed order for the Court's endorsement (ECF No. 27 (the "Proposed Order")). For the reasons set forth below, the Motion for Clarification is GRANTED IN PART and DENIED IN PART, and the Proposed Order is DENIED.

On October 18, 2021, Ms. Joyner filed the Complaint, alleging claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., against her former employer, Defendant Alston & Bird, a Georgia-based law firm with an office in New York City. (ECF No. 1 ¶¶ 8, 13–14, 16–18 (the "Complaint")). The Complaint also named as Defendants Richard Hays, Alston & Bird's Chairman and Managing Partner, Cathy Benton, its Chief Human Resources Officer, and Michael Stevens, its Director of Human Resources and Diversity Management. (Id. ¶¶ 20–22). In summary, Ms. Joyner alleges that Defendants wrongfully withheld payroll taxes from her wages,

discriminated against her free exercise of religion, and conspired to violate her rights to due process and equal protection. (Id. ¶¶ 25–31, 35–63, 83–88, 91). Ms. Joyner asserts claims under 42 U.S.C. §§ 1983 and 1985(3), and the Privacy Act of 1974, 5 U.S.C. § 552a. (Id. ¶¶ 34–199, 200–11).

On November 15, 2021, Defendants filed a motion to dismiss the Complaint. (ECF No. 17 (the "Motion to Dismiss")). Ms. Joyner filed an opposition to the Motion to Dismiss, and Defendants filed a reply. (ECF Nos. 20–21). The Honorable Analisa Torres referred the Motion to Dismiss for a report and recommendation, which remains pending. (ECF No. 19).

On March 22, 2022, Ms. Joyner filed a motion listing Federal Rules of Civil Procedure, Federal Rules of Evidence, case citations, and dictionary definitions of which she asked the Court to take "Mandatory Judicial Notice." (ECF No. 22 (the "Judicial Notice Motion")). By Order dated March 23, 2022, the Court denied the Judicial Notice Motion "without prejudice to renewal at the appropriate stage of this litigation." (ECF No. 24 (the "Mar. 23 Order")).

On March 25, 2022, Ms. Joyner filed the Motion for Clarification, asserting that, under Federal Rule of Evidence 201, judicial notice may be taken at any stage of this proceeding. (ECF No. 25 at 6–7). Ms. Joyner also argues that Defendants' Motion to Dismiss is insufficient because it lacks supporting affidavits and should therefore be denied. (Id. at 8–9).

On March 28, 2022, Ms. Joyner filed the Proposed Order along with an "Affidavit of Prejudice Against Plaintiff." (ECF Nos. 26–28).[1] The Proposed Order sets forth proposed

---

[1] The "Affidavit of Prejudice Against Plaintiff" is filed twice, at ECF Nos. 26 and 28. Both filings appear identical, except that the filing at ECF No. 28 is signed by Ms. Joyner and notarized, whereas the filing at ECF No. 26 is not. Compare ECF No. 26 at 4 with ECF No. 28 at 4.

language denying the Motion to Dismiss and granting Plaintiff's Motion for Clarification. (ECF No. 27).

Ms. Joyner is correct that, pursuant to Federal Rule of Evidence 201, the Court "may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d). Rule 201 permits the Court to take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). As noted above, Ms. Joyner's Judicial Notice Motion contained only citations to the Federal Rules of Civil Procedure and Evidence, case citations, and dictionary definitions, of which it is unnecessary for the Court to take judicial notice in considering the Motion to Dismiss. "Judicial notice, however, is not intended as a vehicle for advancing legal principles." Williams v. Silliman, No. 9:11-CV-1477, 2014 WL 991876, at *4 (N.D.N.Y. Mar. 13, 2014). As the Second Circuit has explained, "courts may take judicial notice of publicly available documents such as regulatory filings." Lewis v. M&T Bank, No. 21-933, 2022 WL 775758, at *1 (2d Cir. Mar. 15, 2022); see also Gee v. Doe, No. 20 Civ.7503 (ALC), 2022 WL 125342, at *2 n.2 (S.D.N.Y. Jan. 13, 2022) (taking judicial notice of the New York City Department of Correction's policies available on government website). Because the materials Ms. Joyner listed in the Judicial Notice Motion were not the sort of materials for which judicial notice under Rule 201 is appropriate, the Court thus denied the Judicial Notice Motion. That denial was without prejudice, however, meaning that, at such time in this action in the future as Ms. Joyner may have judicially-noticeable facts within the meaning of Rule 201(b), she may request that the Court take judicial notice

Ms. Joyner's challenge to the Motion to Dismiss due to its lack of "supporting affidavits," (ECF No. 25 at 6, 8–9), is also misplaced. Although the Motion to Dismiss is <u>sub judice</u> and a report and recommendation shall issue in due course, Ms. Joyner should be aware that, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court will, in deciding the Motion to Dismiss, "look[] only to the four corners of the complaint and evaluate[] the legal viability of the allegations contained therein."  <u>Greene v. WCI Holdings Corp.</u>, 956 F. Supp. 509, 514 (S.D.N.Y. 1997).  Those "four corners" include "any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference."  <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 152 (2d Cir. 2002) (internal citation omitted).  In deciding the Motion to Dismiss, however, documents that are neither attached to the Complaint, incorporated in the Complaint by reference, or "integral" to the Complaint may <u>not</u> be considered.  <u>DeLuca v. Accessit Grp., Inc.</u>, 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010).  Accordingly, the Court could not—and would not—consider any "supporting affidavits" or other extraneous documents even if Defendants had submitted them.

For the reasons set forth herein, Ms. Joyner's Motion for Clarification is GRANTED IN PART and DENIED IN PART, and the Proposed Order is DENIED.  The Clerk of the Court is respectfully directed to close ECF Nos. 25 and 27.

Dated:     New York, New York
           March 29, 2022

                                                            SO ORDERED.

_____
SARAH L. CAVE
United States Magistrate Judge

Mail To:    Dawn M. Joyner
              c/o 343 Gold Street, Apt. 903
              Brooklyn, New York 11201