UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAWN M. JOYNER,

                Plaintiff,

-v-

ALSTON & BIRD LLP, RICHARD HAYS, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES, CATHY BENTON, IN HER OFFICIAL AND INDIVIDUAL CAPACITIES; MICHAEL STEVENS, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES,

                Defendants.

CIVIL ACTION NO.: 21 Civ. 8549 (AT) (SLC)

**ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

    Before the Court is the Motion of pro se Plaintiff Dawn M. Joyner ("Ms. Joyner") (ECF No. 30 (the "Second Motion for Clarification")), which purports to seek clarification of the Court's March 29, 2022 Order (ECF No. 29 (the "March 29 Order")), but which instead advances additional arguments in further opposition to Defendants' pending Motion to Dismiss (ECF No. 17). For the reasons set forth below, the Second Motion for Clarification is GRANTED IN PART, to the extent that, given Ms. Joyner's pro se status, the Court further explains the March 29 Order, and DENIED IN PART, as to Ms. Joyner's request that the Motion to Dismiss be denied, because the Court will issue a report and recommendation on the Motion to Dismiss in due course based on the parties' prior submissions. (ECF Nos. 17–18, 20–21).

    Three days ago, in the March 29 Order, the Court granted in part and denied in part Ms. Joyner's first motion for clarification (ECF No. 25 (the "First Motion for Clarification")), and declined to enter her accompanying proposed Order (ECF No. 27 (the "Proposed Order")). (ECF

No. 29). The March 29 Order set forth the procedural and factual background of this case, which is incorporated by reference. (See id. at 1–3).

Just one day after the Court issued the March 29 Order, Ms. Joyner filed the Second Motion for Clarification. (ECF Nos. 29–30). The Second Motion for Clarification asserts that the March 29 Order employed complex language and was unclear, alleges that the Motion to Dismiss is procedurally improper, and "seeks clarification as to why the Court's report and recommendation remains pending for almost four months, an undue delay which shows harm and undue prejudice to Plaintiff." (ECF No. 30 at 11).

For the avoidance of doubt, the Court reaffirms its statement in the March 29 Order that Ms. Joyner may renew her application for judicial notice "at such time . . . in the future as [she] may have judicially-noticeable facts within the meaning of Rule 201(b)[.]" (ECF No. 29 at 3). The Court also clarifies that, in deciding a Motion to Dismiss, "documents that are neither attached to the Complaint, incorporated in the Complaint by reference, or 'integral' to the Complaint may not be considered." (Id.) (citing DeLuca v. Accessit Grp., Inc., 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010)).

Ms. Joyner's arguments in the Second Motion for Clarification concerning delay, prejudice and bias are lack merit. The procedural history in this action (see ECF No. 29 at 1–3) demonstrates that the Court has been attentive to Ms. Joyner's applications. Indeed, the Court issued the March 29 Order four days after Ms. Joyner filed the First Motion for Clarification. (ECF Nos. 25, 29). Ms. Joyner asks "why the Court's report and recommendation [on the Motion to Dismiss] remains pending for almost four months," (ECF No. 30 at 11), but any perceived delay has been caused, at least in part, by the diversion of the Court's attention and resources to address filings

such as the First and Second Motions for Clarification. The Court has taken the Motion to Dismiss under advisement and a report and recommendation will issue in due course.

For the reasons set forth herein, Ms. Joyner's Second Motion for Clarification is GRANTED IN PART and DENIED IN PART. The Clerk of the Court is respectfully directed to close ECF No. 30.

Dated:     New York, New York
           April 1, 2022

                                        SO ORDERED.

                                        _____
                                        SARAH L. CAVE
                                        United States Magistrate Judge