UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAWN M. JOYNER,

                Plaintiff,

-v-

ALSTON & BIRD LLP, RICHARD HAYS, in his official and individual capacities, CATHY BENTON, in her official and individual capacities; MICHAEL STEPHENS, in his official and individual capacities,

                Defendants.

CIVIL ACTION NO.: 21 Civ. 8549 (AT) (SLC)

**ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

Before the Court are pro se Plaintiff Dawn M. Joyner's ("Ms. Joyner") Motion to Waive Oral Argument on May 11, 2022 (ECF No. 33 (the "Motion")) and Request for Disclosure of All Bonds, Bonding and Other Related/Connected Documents and/or Instruments. (ECF No. 34 (the "Request")). For the reasons set forth below, the Motion is GRANTED, and the Request is GRANTED IN PART and DENIED IN PART.

By Order dated April 5, 2022 (ECF No. 32 (the "Apr. 5 Order"), the Court scheduled in-person oral argument on Defendants' pending motion to dismiss (ECF No. 17 (the "MTD"), which has been referred for a report and recommendation. (ECF No. 19). The Court had scheduled oral argument because, in an exercise of discretion, the Court had determined that hearing from both parties in person could be useful in resolving the MTD. See, e.g., Greene v. WCI Holdings Corp., 136 F.3d 313, 316 (2d 1998) (explaining that neither the Due Process Clause nor Federal Rules of Civil Procedure require oral argument on a motion to dismiss, such that "decision whether or not to hold an oral hearing on a motion to dismiss lies in the sound discretion of the trial court"). In

the Motion, however, Ms. Joyner states that the Apr. 5 Order "is, once again, a clear demonstration of this Court's bias against Plaintiff and in favor of Defendants." (ECF No. 33 at 5). Ms. Joyner states that "[o]ral argument at this stage of the proceeding is futile and further delays issuance of a decision by this Court, which is extremely prejudicial to Plaintiff." (Id.; see id. at 9 (asserting that scheduling oral argument "creates an un-level playing field")). Ms. Joyner adds, "I DO NOT CONSENT TO ORAL ARGUMENT" and that she "waives her right to oral argument on May 11, 2022." (Id. at 5). Given that oral argument would have involved presentations from both Defendants' counsel and Ms. Joyner, the Court rejects the assertion that conducting oral argument would have "create[d] an un-level playing field," (id. at 9), but nevertheless will not force Ms. Joyner to appear before the Court on this occasion against her wishes. Accordingly, the Court accepts Ms. Joyner's waiver of oral argument, and cancels oral argument on the MTD. The Court deems the MTD fully submitted and will issue a report and recommendation in due course.

In the Request, Ms. Joyner seeks "a full disclosure and release of all information, records and/or data in the UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF NEW YORK ("COURT") under [her] name and/or identifier to [her] name." (ECF No. 34 at 1). Ms. Joyner states that the specific records she is seeking

> are the compiled files containing: (1) a certified and true copy of the docket for case No. 1:21-cv-08549-AT-SLC; (2) Commercial Bond Certification; (3) Bonding Information – "Miller Act" reinsurance bonds (SF-273, SF-274, SF-275); (4) Case Bonding Information – certified and true copies of the Bond(s) and identification (CUSIP) number(s); (5) certified indication of the amount secured per Bond; (6) the expiration date and specified interest for the specified length of these Bond(s); (7) which governmental body and/or to whom or what 'person(s)', i.e. corporations, companies, associations, firms, partnerships, societies, joint stock companies, individuals, and/or officers a) secured the Bond(s) and b) hold the Bond(s); and (8) any and all other records and data concerning the Bond(s) not otherwise exempt by 5 U.S.C. § 552 (b)(3).

Id. at 2.  The Court has reviewed the docket, which does not indicate that any bond has been ordered or otherwise referenced in this action.  Ms. Joyner's request for a certified copy of the docket, however, is of course, appropriate.  Accordingly, the Request is GRANTED to the extent that a certified copy of the docket in this action will be sent to Ms. Joyner, and otherwise DENIED.

The Clerk of Court is respectfully directed to close ECF Nos. 33 and 34 and to mail a copy of this Order to Ms. Joyner at the address below.  The Clerk is also respectfully directed to include in the mailing a certified copy of the docket in this action.

Dated:       New York, New York
                April 8, 2022

                                              SO ORDERED.

                                              _____
                                              SARAH L. CAVE
                                              United States Magistrate Judge

Mail To:      Dawn M. Joyner
               c/o 343 Gold Street, Apt. 903
               Brooklyn, NY 11201