UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAWN M. JOYNER, *Sui Juris*,

                Plaintiff,

-against-

ALSTON & BIRD LLP, RICHARD HAYS, in his official and individual capacities, CATHY BENTON, in her official and individual capacities, and MICHAEL STEPHENS, in his official and individual capacities,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/9/2022_

21 Civ. 8549 (AT) (SLC)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ANALISA TORRES, District Judge:

On October 18, 2021, Plaintiff *pro se*, Dawn M. Joyner, filed a complaint against Defendants Alston & Bird LLP, Richard Hays, Cathy Benton, and Michael Stephens, bringing claims under 42 U.S.C. § 1983; 42 U.S.C. § 1985(3); and the Privacy Act of 1974 (the "Privacy Act"), 5 U.S.C. § 552A, accusing Defendants of violating her rights under the First and Thirteenth Amendments of the Constitution, conspiring to interfere with her rights under the Fourteenth Amendment of the Constitution, and failing to abide by the disclosure requirements of the Privacy Act, respectively. *See* Compl., ECF No. 1. On November 15, 2021, Defendants moved to dismiss Plaintiff's claims, arguing that they are barred by *res judicata* and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Defs. Mot., ECF No 17. On November 17, 2021, the motion was referred to the Honorable Sarah L. Cave for a report and recommendation. ECF No. 19. And, on April 25, 2022, Plaintiff asked the Court to take judicial notice of certain legal authorities in connection with Defendants' motion. *See* ECF Nos. 36–37.

Before the Court is Judge Cave's Report and Recommendation (the "R&R"), dated May 13, 2022, which recommends that Defendants' motion to dismiss be granted, Plaintiff's request for judicial notice be denied, and the complaint be dismissed with prejudice. R&R, ECF No. 38.

On June 1, 2022, Plaintiff filed objections to the R&R and requested the undersigned's recusal. *See* Pl. Obj., ECF No. 40. For the reasons stated below, the Court OVERRULES Plaintiff's objections, ADOPTS the R&R in its entirety, GRANTS Defendants' motion to dismiss, DISMISSES Plaintiff's claims with prejudice, and DENIES Plaintiff's request for the undersigned's recusal.

## DISCUSSION[1]

I.  Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the R&R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates [their] original arguments," the court reviews the R&R strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Bailey v. U.S. Citizenship & Immig. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An R&R is clearly

---

[1] The Court presumes familiarity with the facts and procedural history as detailed in the R&R, *see* R&R at 1–7, and, therefore, does not summarize them here.

2

erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).

"*Pro se* parties are generally accorded leniency when making objections." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted).

II. Plaintiff's Objections

Plaintiff appears to make the following objections to the R&R's decision on Defendants' motion to dismiss: (1) the R&R erred in finding that *res judicata* bars Plaintiff's claims because the undersigned "neglect[ed] her official duty," and made other errors when dismissing Plaintiff's claims and denying Plaintiff leave to file a proposed second amended complaint in the prior suit; (2) the R&R improperly found that Defendants are not state actors; (3) Defendants are in default because they have not yet served a responsive pleading; and (4) the R&R evinced bias in favor of Defendants because it granted Defendants' motion to dismiss even though Defendants did not provide any facts in support of their motion. *See generally* Pl. Objs. Plaintiff also objects to the R&R's decision on her motion for judicial notice on the ground that her motion references "[facts] that are relevant to her particular case." *Id*. at 5. The Court shall address these objections and arguments in turn.

As for Plaintiff's first objection, the Court finds that it consists of Plaintiff's mere reiteration of her original arguments. *See Wallace*, 2014 WL 2854631, at *1. In both her objections to the R&R and her opposition to Defendants' motion to dismiss, Plaintiff argues that

the undersigned erred in denying Plaintiff leave to file her proposed second amended complaint and dismissing her claims in the prior action, and, therefore, that *res judicata* does not apply to that decision. *See* Pl. Objs. at 3–11; Pl. Mem. at 4–7, ECF No. 20. Moreover, arguments that a prior court erred in rendering its initial judgment are not relevant to the Court's determination that *res judicata* applies because "the correctness of a judgment has no bearing on its preclusive effect." *Zimmerman v. Poly Prep Country Day Sch.*, 888 F. Supp. 2d 317, 336 (E.D.N.Y. 2012).[2] Additionally, to the extent that Plaintiff attempts to argue that the prior judgment resulted from "fraud upon the court," Pl. Objs. at 16–17, Plaintiff does not support this argument with any explanation of what this fraud entailed, *cf. Weldon v. United States*, 225 F.3d 647 (2d Cir. 2000) (unpublished) (explaining that "fraud on the court should embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication" (quotation marks and citation omitted)).

Similarly, Plaintiff's second objection also consists of her relitigating her prior arguments. *See* Pl. Objs. 7–10; Pl. Mem. at 7–9. And, even if the Court were to conduct a *de novo* review of the R&R's state actor determination, it would conclude that the R&R correctly found that Defendants are not state actors by virtue of their compliance with federal tax withholding regulations. *See Bey v. United Parcel Serv., Inc.*, No. 11 Civ. 2993, 2012 WL 4328379, at *8 (E.D.N.Y. Sept. 20, 2012).

Next, Plaintiff argues, for the first time, that she is entitled to judgment in her favor because Defendants are in default. *See* Pl. Objs. 11–15. The Court need not consider this

---

[2] Although the court in *Zimmerman* was interpreting New York law, *see Zimmerman*, 888 F. Supp. 2d at 336, the Second Circuit has stated that "there appears to be no significant difference between New York preclusion law and federal preclusion law," *Pike v. Freeman*, 266 F.3d 78, 90 n.14 (2d Cir. 2001).

argument because it could have been raised before Judge Cave. *Gladden*, 394 F. Supp. 3d at 480. Moreover, assuming, *arguendo*, that Plaintiff's objection was properly made, it is meritless. Defendants have appeared in this action and filed a timely response to Plaintiff's complaint. *See* ECF Nos. 13–16; Defs. Mot.

Furthermore, the Court finds that the R&R did not evince bias in favor of Defendants because it granted their motion to dismiss without requiring Defendants to present any "facts." Pl. Objs. at 15–16. This argument misunderstands Defendants' burden when moving to dismiss a claim under Federal Rule of Civil Procedure 12(b)(6). A court reviewing the sufficiency of a plaintiff's complaint asks whether the defendant has shown that *the plaintiff* has failed to allege "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citation omitted). A defendant need not put forth any independent facts in support of its motion. Moreover, even though Defendants did have the burden of demonstrating that *res judicata* barred Plaintiff's claims, *see Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 126 F.3d 365, 369 (2d Cir. 1997), Defendants satisfied this burden by making legal arguments and directing the Court to judicial documents reflecting the relevant facts, *see* Defs. Mem. at 6–8.

Additionally, the Court finds that the R&R did not err in recommending denial of Plaintiff's motion for judicial notice. The R&R recommended that the Court deny Plaintiff's motion because none of the citations in the motion "demonstrate that *res judicata* is inapplicable, or remedy the pleading defects in her claims." R&R at 25. After reviewing the citations in Plaintiff's motion, which consist of excerpts from the Internal Revenue Service Manual, defined terms, case law, statutes, and maxims of law, *see generally* Pl. Mot., ECF No. 36, the Court agrees that none of these citations are material to the R&R's resolution of Plaintiff's claims.

The Court has reviewed the remainder of the thorough and well-reasoned R&R for clear error and finds none. Accordingly, the Court OVERRULES Plaintiff's objections, ADOPTS the R&R in its entirety, GRANTS Defendant's motion to dismiss, and DISMISSES Plaintiff's complaint with prejudice.

### III. Plaintiff's Request for Recusal

Along with her objections, Plaintiff accuses the undersigned of bias and requests her recusal based on the undersigned's ruling in the prior case. Pl. Objs. at 18–20. In support of her request, Plaintiff argues that the undersigned (1) "based her ruling in [the prior case] on a misstatement that has no legal or lawful basis or authorization," (2) "chos[e] to discard and disregard the rules of law pertaining to professional conduct of [bar] licensed attorneys," and (3) "circumvented and is in conflict with the Federal Rules of Civil Procedure and the Federal Rules of Evidence." *Id*. at 18.

A judge should recuse herself when "there is a reasonable factual basis for doubting the judge's impartiality." *In re Literary Works in Elec. Databases Copyright Litig.,* 509 F.3d 136, 140 (2d Cir. 2007) (citation omitted). Thus, a judge should recuse herself "not only when [s]he is actually biased or partial, but also when a reasonable observer might question h[er] neutrality." *Id*. (quotation marks and citations omitted). But, "[a] judge is as much obliged not to recuse [her]self when it is not called for as [s]he is obliged to when it is." *Id*.

As the Second Circuit has stated, "the bias which requires recusal must be personal and cannot rest upon trial rulings or conduct." *In re IBM Corp.*, 618 F.2d 923, 929 (2d Cir. 1980). All of Plaintiff's accusations of bias center on the undersigned's "judicial rulings, with nothing of substance alleged arising outside of the judicial context." *Sea Gate Ass'n v. Krichevsky*, No. 18 Civ. 3408, 2019 WL 8587287, at *5 (E.D.N.Y. June 21, 2019). And, the undersigned finds that

6

Plaintiff has not "set forth any facts based on which a reasonable person might question [her] impartiality." *Hoffenberg v. United States*, 333 F. Supp. 2d 166, 178 (S.D.N.Y. 2004).

Accordingly, Plaintiff's request for the undersigned's recusal is DENIED.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES Plaintiff's objections to the R&R, ADOPTS the R&R in its entirety, GRANTS Defendants' motion to dismiss, DISMISSES Plaintiff's complaint with prejudice, and DENIES Plaintiff's request for recusal.

The Clerk of Court is directed to mail a copy of this order to Plaintiff *pro se*, terminate the motion at ECF No. 17, and close the case.

SO ORDERED.

Dated: September 9, 2022
      New York, New York

_____
ANALISA TORRES
United States District Judge